JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff
   *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
   *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
            THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1   U.S. Government
          Plaintiff

❑ 3   Federal Question
          *(U.S. Government Not a Party)*

❑ 2   U.S. Government
          Defendant

❑ 4   Diversity
          *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance<br>❑ 120 Marine<br>❑ 130 Miller Act<br>❑ 140 Negotiable Instrument<br>❑ 150 Recovery of Overpayment & Enforcement of Judgment<br>❑ 151 Medicare Act<br>❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❑ 153 Recovery of Overpayment of Veteran's Benefits<br>❑ 160 Stockholders' Suits<br>❑ 190 Other Contract<br>❑ 195 Contract Product Liability<br>❑ 196 Franchise | **PERSONAL INJURY**<br>❑ 310 Airplane<br>❑ 315 Airplane Product Liability<br>❑ 320 Assault, Libel & Slander<br>❑ 330 Federal Employers' Liability<br>❑ 340 Marine<br>❑ 345 Marine Product Liability<br>❑ 350 Motor Vehicle<br>❑ 355 Motor Vehicle Product Liability<br>❑ 360 Other Personal Injury<br>❑ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❑ 365 Personal Injury - Product Liability<br>❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❑ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❑ 370 Other Fraud<br>❑ 371 Truth in Lending<br>❑ 380 Other Personal Property Damage<br>❑ 385 Property Damage Product Liability | ❑ 625 Drug Related Seizure of Property 21 USC 881<br>❑ 690 Other | ❑ 422 Appeal 28 USC 158<br>❑ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❑ 820 Copyrights<br>❑ 830 Patent<br>❑ 835 Patent - Abbreviated New Drug Application<br>❑ 840 Trademark | ❑ 375 False Claims Act<br>❑ 376 Qui Tam (31 USC 3729(a))<br>❑ 400 State Reapportionment<br>❑ 410 Antitrust<br>❑ 430 Banks and Banking<br>❑ 450 Commerce<br>❑ 460 Deportation<br>❑ 470 Racketeer Influenced and Corrupt Organizations<br>❑ 480 Consumer Credit<br>❑ 485 Telephone Consumer Protection Act<br>❑ 490 Cable/Sat TV<br>❑ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ❑ 890 Other Statutory Actions<br>❑ 891 Agricultural Acts |
| ❑ 210 Land Condemnation<br>❑ 220 Foreclosure<br>❑ 230 Rent Lease & Ejectment<br>❑ 240 Torts to Land<br>❑ 245 Tort Product Liability<br>❑ 290 All Other Real Property | ❑ 440 Other Civil Rights<br>❑ 441 Voting<br>❑ 442 Employment<br>❑ 443 Housing/ Accommodations<br>❑ 445 Amer. w/Disabilities - Employment<br>❑ 446 Amer. w/Disabilities - Other<br>❑ 448 Education | **Habeas Corpus:**<br>❑ 463 Alien Detainee<br>❑ 510 Motions to Vacate Sentence<br>❑ 530 General<br>❑ 535 Death Penalty<br>**Other:**<br>❑ 540 Mandamus & Other<br>❑ 550 Civil Rights<br>❑ 555 Prison Condition<br>❑ 560 Civil Detainee - Conditions of Confinement | ❑ 710 Fair Labor Standards Act<br>❑ 720 Labor/Management Relations<br>❑ 740 Railway Labor Act<br>❑ 751 Family and Medical Leave Act<br>❑ 790 Other Labor Litigation<br>❑ 791 Employee Retirement Income Security Act | ❑ 861 HIA (1395ff)<br>❑ 862 Black Lung (923)<br>❑ 863 DIWC/DIWW (405(g))<br>❑ 864 SSID Title XVI<br>❑ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>❑ 870 Taxes (U.S. Plaintiff or Defendant)<br>❑ 871 IRS—Third Party 26 USC 7609 | ❑ 893 Environmental Matters<br>❑ 895 Freedom of Information Act<br>❑ 896 Arbitration<br>❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❑ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>❑ 462 Naturalization Application<br>❑ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❑ 1   Original
          Proceeding

❑ 2   Removed from
          State Court

❑ 3   Remanded from
          Appellate Court

❑ 4   Reinstated or
          Reopened

❑ 5   Transferred from
          Another District
          *(specify)*

❑ 6   Multidistrict
          Litigation -
          Transfer

❑ 8   Multidistrict
          Litigation -
          Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❑  CHECK IF THIS IS A **CLASS ACTION**
      UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ❑ Yes   ❑No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)    County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)    Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.    Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HORESHA REYNOLDS | : | 2:21-CV-02554 |
| v. | : | |
| | : | |
| UNITED FINANCIAL CASUALTY | : | |
| COMPANY | : | |
| | : | |
| | : | |

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                 (  )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
 and Human Services denying plaintiff Social Security Benefits                 (  )

( c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( X )

(d) Asbestos – Cases involving claims for personal injury or property damage from
 exposure to asbestos.                 (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
 commonly referred to as complex and that need special or intense management by
 the court.  (See reverse side of this form for a detailed explanation of special
 management cases.)                 (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (  )

| | | |
|---|---|---|
| **June 4, 2021**    **/s/ Beth A. Carter** | | **Attorney for Defendant** |
| **Date**            **Beth A. Carter, Esquire** | | **United Financial Casualty Company** |
| **(215) 561-4300**      **(215) 561-6661** | | **carter@bbs-law.com** |
| **Telephone**          **FAX Number** | | **E-Mail Address** |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____     _____
　　　　　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
　　　　　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

HORESHA REYNOLDS     :
      v.        :
            :     2:21-CV-02554
            :
UNITED FINANCIAL CASUALTY  :
COMPANY        :
            :
            :

## <u>NOTICE OF REMOVAL</u>

    AND NOW, comes the defendant, United Financial Casualty Company, for the purpose of filing a notice of removal of this case to the United States District Court for the Eastern District of Pennsylvania, and respectfully avers as follows:

    1.   This is a civil action filed and currently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, December Term 2020. No. 00227.

    *2.*   Plaintiff Horesha Reynolds [hereinafter "Plaintiff"] initiated this action via a Writ of Summons filed on December 8, 2020. *A true and correct copy of the Writ of Summons is attached hereto as Exhibit A.*

    *3.*   Plaintiff filed a Complaint on May 25, 2021. *A true and correct copy of the Complaint is attached hereto as Exhibit B.*

    4.   The averments made herein are true and correct with respect to the date and time upon which suit was commenced, and the date upon which this notice is filed.

    5.   Defendant seeks to remove this matter to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1446(b).

6.      28 U.S.C. §1446(b) provides that:

*The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.*

7.      As the moving party, Defendant bears the burden of proving that jurisdiction is proper in federal court. Russ vs. State Farm Mut. Auto. Ins. Co., 961 F.Supp. 808, 810 (E.D. Pa. 1997).

8.      In determining whether the jurisdiction amount has been satisfied, the Court must first look at the Complaint. Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Circ. 1993).

9.      The Writ of Summons alleges that Plaintiff is a resident and citizen of the Commonwealth of Pennsylvania. See *Writ of Summons.*

10.     Plaintiff does not allege any alternative state of residence.

11.     Accordingly, upon information and belief, the Commonwealth of Pennsylvania is the state in which Plaintiff is domiciled and, therefore, the state of which Plaintiff is a citizen for purposes of determining diversity.

12.     Defendant is now, and was at the time this action was initiated, a corporation organized under the laws of the State of Ohio, with a principal place of business located at 6300 Wilson Mills Rd., Mayfield Village, OH 44143.

13.     Therefore, Defendant is a citizen of Ohio for purposes of determining diversity pursuant to 28 U.S.C. § 1332(c)(1).

14.     The underlying lawsuit arises out of an alleged motor vehicle accident of October 10, 2019. See *Complaint* at ¶ 7-10.  Plaintiff is claiming uninsured motorist benefits for personal injuries she alleged she sustained in this motor vehicle accident.

15.     The amount in controversy listed in the Complaint is in excess of $50,000.00.

16.     Plaintiff is claiming serious, severe, and permanent injuries to the head, neck, body, and limbs as well as exacerbation and/or aggravation of then existing conditions, and further injury to her body systems and organs and multiple related injuries; together with severe shock to plaintiff's nerves and nervous systems; some or all of which are or may be permanent in nature. See *Complaint* at ¶ 13 and 14.  From review of medical records, it appears plaintiff is alleging: post-concussion syndrome; impingement syndrome and bursitis of the right shoulder, cervicalgia, C5-6 cervical disc protrusion and radiculopathy.

17.     Defendant maintains that it has met its burden that diversity jurisdiction is proper, based upon the claims asserted in the complaint and the potential damages claimed outlined therein

18.     This Notice of Removal was timely filed within 30 days of the effective date of service of the Complaint on Defendant.

19.     Defendant has, simultaneously with the filing of this notice, given written notice to Plaintiff of the same.

20.     Defendant is also filing a copy of the instant notice of removal and all relevant attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

WHEREFORE, United Financial Casualty Company hereby removes this suit to this Honorable Court pursuant to the laws of the United States.

**BENNETT, BRICKLIN & SALTZBURG LLC**

**BY:** _____
**BETH A. CARTER, ESQUIRE**
**I.D. No. 85632**
**Centre Square, West Tower**
**1500 Market Street, 32nd Floor**
**Philadelphia, PA 19102**
**(215) 561-4300**
**carter@bbs-law.com**

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HORESHA REYNOLDS | : | |
| v. | : | |
| | : | 2:21-CV-2554 |
| UNITED FINANCIAL CASUALTY | : | |
| COMPANY | : | |
| | : | |
| | : | |

**NOTICE TO PLAINTIFF**

TO:     Horesha Reynolds
        c/o Jay Lawrence Fulmer
        8 Penn Center
        1628 JFK Boulevard, Suite 1000
        Philadelphia, PA 19103

     Please take notice that defendant, United Financial Casualty Company, by and through its attorneys Bennett, Bricklin & Saltzburg LLC, has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania regarding an action previously pending in the Court of Common Pleas of Philadelphia County, December Term 2020, No. 00227 captioned <u>Horesha Reynolds v United Financial Casualty Company.</u>

                                     **BENNETT, BRICKLIN & SALTZBURG LLC**

**BY:**     _____
                              **BETH A. CARTER, ESQUIRE**
                              **Attorney for Defendant**

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HORESHA REYNOLDS | : |
| v. | :     2:21-CV-2554 |
| | : |
| UNITED FINANCIAL CASUALTY | : |
| COMPANY | : |
| | : |
| | : |

**PROOF OF FILING**

COMMONWEALTH OF PENNSYLVANIA      :

COUNTY OF PHILADELPHIA               :

      Beth A. Carter, Esquire, being duly sworn according to law, deposes and says that she is a member of the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, United Financial Casualty Company, and that she did direct the filing with the Prothonotary of Philadelphia County a copy of the Notice of Removal attached hereto, said filing to be made on June 3, 2021 by electronic filing.

      Jay Lawrence Fulmer
      8 Penn Center
      1628 JFK Boulevard, Suite 1000
      Philadelphia, PA 19103

Dated: <u>June 4, 2021</u>      **BENNETT, BRICKLIN & SALTZBURG LLC**

                                                    

**BY:**    _____
             **BETH A. CARTER, ESQUIRE**
             **Attorney for Defendant**

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

Jay Lawrence Fulmer
8 Penn Center
1628 JFK Boulevard, Suite 1000
Philadelphia, PA 19103

COMMONWEALTH OF PENNSYLVANIA          :

                                                                                      §

COUNTY OF PHILADELPHIA                         :

      Beth A. Carter, Esquire, after being first duly sworn upon oath, deposes and says that she is

a member of the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for the defendant, United

Financial Casualty Company, that she did serve this 4th day of June 2021, the aforementioned

Notice to plaintiff upon the individual named below by electronic mail to:

Jay Lawrence Fulmer
8 Penn Center
1628 JFK Boulevard, Suite 1000
Philadelphia, PA 19103

Dated: June 4, 2021                    **BENNETT, BRICKLIN & SALTZBURG LLC**

                                     **BY:** _____
                                         **BETH A. CARTER, ESQUIRE**
                                         **Attorney for Defendant**

# Exhibit A

*e-filed*



*Filed and Attested by the Office of Judicial Records 23 DEC 2020 02:22 pm*

\* **MAJOR JURY / EXPEDITED**
\* **ASSESSMENT OF DAMAGES**
　**HEARING IS REQUIRED**

**Law Offices**
**JAY LAWRENCE FULMER**
e-mail: jay.fulmer@gmail.com
Identification No. 24588
8 Penn Center
1628 JFK Boulevard, Suite 1000
Philadelphia, PA  19103-2125
215-568-7200 / Fax: 215-751-9739

**Attorney for Plaintiff**

-------------------------------------------------

**HORESHA REYNOLDS-** 　　　　　:　**COURT OF COMMON PLEAS**
2182 Homer Street 　　　　　　　　:　**PHILADELPHIA COUNTY**
Philadelphia, PA  19138 　　　　　:
　　　　　　　　　　　　　　　　　:
　　*vs.* 　　　　　　　　　　　　　:　**DECEMBER TERM, 2020**
　　　　　　　　　　　　　　　　　:
**UNITED FINANCIAL** 　　　　　　:　**NO.227**
**CASUALTY COMPANY** 　　　　　:
5920 Landerbrook Drive 　　　　　:
Mayfield Heightts, OH  44143 　　:

# 𝕻𝖗𝖆𝖊𝖈𝖎𝖕𝖊 𝖙𝖔 𝕽𝖊𝖎𝖘𝖘𝖚𝖊
# 𝖂𝖗𝖎𝖙 𝖔𝖋 𝕾𝖚𝖒𝖒𝖔𝖓𝖘 𝖎𝖓 𝕮𝖎𝖛𝖎𝖑 𝕬𝖈𝖙𝖎𝖔𝖓

[ 　**MOTOR VEHICLE ACCIDENT** 　 ]

### TO THE PROTHONOTARY / OFFICE OF JUDICIAL RECORDS

Kindly reissue Writ of Summons - Civil Action as filed in this matter originally on December 8, 2020, 2020, as to

---

*Law Offices • Jay Lawrence Fulmer • **Page - 1** -*

10 Pages SCANNED Fri, 15 Jan 2021 14:59:47 GMT

**- UNITED FINANCIAL CASUALTY COMPANY, Defendant herein**

Service of process to be made *sec. leg.* upon said defendant.

I hereby certify that all FJD charges and surcharges have been paid.

*Respectfully submitted,*
*I hereby certify pursuant to Pa.R.C.P. 205.4 that a*
*hard copy hereof was properly signed and, where*
*applicable, verified.   /s/ JLF*

_____

**JAY LAWRENCE FULMER, ESQUIRE**
**ATTORNEY FOR PLAINTIFF**

DATE: <u>**DECEMBER        , 2020**</u>

*SERVICE PURSUANT TO Pa.R.C.P.*

Case ID: 201200227

10 Pages SCANNED Fri, 15 Jan 2021 14:59:47 GMT

C.P.97

# Commonwealth of Pennsylvania
## CITY AND COUNTY OF PHILADELPHIA



SUMMONS
*CITACION*

HORESHA REYNOLDS
2182 Homer Street
Philadelphia, PA 19138

COURT OF COMMON

*Filed and Attested by the
Office of Judicial Records*

_____ Term, 20 **20**

No. _____

*vs.*

UNITED FINANCIAL
CASUALTY COMPANY
747 Alpha Drive
Highland Hts, OH  04413

| REISSUED |
| --- |

To(1)

UNITED FINANCIAL
CASUALTY COMPANY
747 Alpha Drive
Highland Hts, OH  04413

You are notified that the Plaintiff(2)
*Usted esta avisado que el demandante*(2)

HORESHA REYNOLDS
2182 Homer Street
Philadelphia, PA 19138

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____

Date _____   DECEMBER

(1) Name(s) of Defendant(s)
(2) Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

Case ID: 201200227

10 Pages SCANNED Fri, 15 Jan 2021 14:59:47 GMT

# Exhibit B

*e-filed*



Filed and Attested by the
Office of Judicial Records
25 MAY 2021 11:19 am
A. STAMATO

\*    **MAJOR JURY / EXPEDITED**
\*    **ASSESSMENT OF DAMAGES**
       **HEARING IS REQUIRED**

Law Offices
**JAY LAWRENCE FULMER**
**e-mail: jay.fulmer@gmail.com**
Identification No. 24588
8 Penn Center             **Attorney for Plaintiff**
1628 JFK Boulevard, Suite 1000
Philadelphia, PA  19103-2125
215-568-7200 / Fax: 215-751-9739
----------------------------------------------------

| | | |
|---|---|---|
| **HORESHA REYNOLDS-** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| | : | |
| *vs.* | : | **DECEMBER TERM, 2020** |
| | : | |
| **UNITED FINANCIAL** | : | **NO. 227** |
| **CASUALTY COMPANY** | : | |

# Complaint in Civil Action

[       **CODE 2V -- MOTOR VEHICLE ACCIDENT**       ]

**[ POST- KOKEN UNINSURED MOTORIST (UM) LITIGATION ]**

Case ID: 201200227

| **NOTICE TO DEFEND** | **El AVISO DE DEFENDERLE** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. | Se ha demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y el aviso es servido, incorporando un aspecto escrito personalmente o por el abogado y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted. Le advierten que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted por la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica u otra endereza importante a usted. |

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE Un ABOGADO, LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO PARA DESCUBRIR DÓNDE USTED PUEDE CONSEGUIR AYUDA LEGAL.

SI USTED NO PUEDE PERMITIRSE A un ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN EN LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS de la OFERTA de MAYO A LAS PERSONAS ELEGIBLES EN Un HONORARIO REDUCIDO O NINGÚN HONORARIO.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone (215) 238-1701

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701.

Case ID: 201200227

**COMPLAINT IN CIVIL ACTION**

**HORESHA REYNOLDS,** *Plaintiff*
**v. UNITED FINANCIAL CASUALTY COMPANY,** *Defendant*

1.      **Plaintiff**, **HORESHA REYNOLDS**, is an adult individual currently residing at the above captioned address. At all times material hereto, **Plaintiff was a ride-share paying passenger in an insured "Lyft, Inc." vehicle** when involved in the subject motor vehicle collision on **OCTOBER 10, 2019,** suffering the injuries, damages and losses, all as more fully described hereinafter.

2.      At all times material hereto, **Plaintiff, HORESHA REYNOLDS**, did not own a motor vehicle, and she was not a resident relative in any household with an individual who owned a motor vehicle, and she was not otherwise covered by a policy of auto insurance that would afford benefits to her under law. Accordingly, she executed an **"Affidavit of No Insurance" on October 28, 2019** pursuant to law, which was submitted to the defendant insurer to establish her eligibility for **both First Party Medical Benefits and for Uninsured Motorist (UM) benefits**. A true and copy of same is attached hereto, made a part hereof ,and marked as **EXHIBIT "A."**

3.      **Defendant, UNITED FINANCIAL CASUALTY COMPANY,** is a corporation duly licensed to transact insurance business in the Commonwealth of Pennsylvania, and said defendant regularly and continually conducts and transacts business in the City of Philadelphia. with the subject policy delivered

Case ID: 201200227

in Philadelphia. Accordingly, for this and other reasons as more fully set forth herein, venue in the First Judicial District is entirely proper pursuant to *Pa.R.C.P. 2179*.

4.     Defendant, **UNITED FINANCIAL CASUALTY COMPANY**, at all times material hereto acted by and through its agents, servants, workmen and/or employees, who at all times acted on its behalf and in furtherance of its insurance business in the course and scope of their respective agency and/or employment. The defendant insurer owes Plaintiff, as an Insureds, fiduciary duties under applicable law.

5.     Pennsylvania law requires that Lyft, Inc., be treated as a "common carrier" and accordingly it owed certain duties to every passenger.

6.     Defendant, **UNITED FINANCIAL CASUALTY COMPANY**, is an entity, part of the **PROGRESSIVE INSURANCE group of companies**, with a registered address at the above captioned address, regulated by the Insurance Department of the Commonwealth of Pennsylvania to provide insurance benefits, on a primary basis, including but not limited to PIP benefits and **First Party Medical Benefits** and **Uninsured Motorist (UM) benefits** for those claimants who, through no fault of their own, have no other source of insurance coverage.

Please see the **exhibits** attached hereto and made a part hereof and consisting of a true and correct copy of the pertinent insurance policy

Case ID: 201200227

**Declarations Pages, EXHIBIT "B"** together with the <u>UM/UIM Supplemental</u> <u>coverage endorsement</u>, **EXHIBIT "C"** [**Form Z946 P23 PA (07/19)**].

The applicable policy number is **06254914-0** and all coverages were in effect for the period of **"Oct 01, 2019 through Oct 01, 2020". The UM coverage limit for Part III - Uninsured/Underinsured Motorist coverage is stated to be increased to <u>$250,000</u> per accident, as is set forth therein.** Under the Rules of Court, the complete policy and the contract "jacket" is in the defendant's Underwriting Dept. and full production has been requested.

7.     On or about **OCTOBER 10, 2019, at approximately 3:16 PM, the Plaintiff, HORESHA REYNOLDS**, was a lawful passenger when involved in the subject motor vehicle collision, suffering the injuries, damages and losses, all as more fully described hereinafter.

This accident was a rear-end collision when the Lyft vehicle was struck in the rear, from the rear, by the front of another vehicle, the identity of which and the driver of which, being the "tortfeasor," are all unknown.

The location of the collision was within the City of Philadelphia, Commonwealth of Pennsylvania. and is set forth with a multitude of details in the records of defendant-insurer, and in particular, the Lyft phone application (*the "App."*) of the host vehicle driver, one **HAMID AMMY**, pertaining to the subject vehicle, an insured Chevrolet Malibu.

Case ID: 201200227

8.      At the aforesaid time and place, the vehicle which unlawfully struck the aforesaid subject Lyft, Inc., insured, Chevrolet Malibu, then immediately fled the scene in violation of Vehicle Code.

9.      Upon and following the occurrence of the collision as aforesaid, data was recorded by the Lyft App and the aforesaid driver duly notified Lyft, Inc and the defendant-insurer.

10.     As a result of the aforesaid collision, Plaintiff **HORESHA REYNOLDS** sustained serious, severe, and possibly permanent injuries, as more fully described below.

11.     The subject motor vehicle accident resulted solely from the carelessness, recklessness and/or negligence of the unidentified tortfeasor and was due in no manner whatsoever to any act or omission on behalf of the Plaintiff.

12.     The carelessness, recklessness and negligence of the tortfeasor**,** all as aforesaid, consisted of, but was not limited to, the following:

    (a)      Failing to have the tortfeasor's motor vehicle under proper and adequate control;

    (b)      Operating the tortfeasor's motor vehicle at an excessive rate of speed under the circumstances;

    (c)      Failing to take due note of the point and position of the vehicle in which plaintiff **HORESHA REYNOLDS** was a passenger, all while it was lawfully being operated upon the highway;

Case ID: 201200227

(d)     Failing to sound warning;

(e)     Violating the applicable statutes of the Commonwealth of Pennsylvania and local ordinances pertaining to the operation of motor vehicles upon the public highways under the circumstances;

(f)     Failing to properly maintain and/or properly inspect and/or properly repair said tortfeasor's motor vehicle and said vehicle's component parts and units;

(g)     Failing to properly use the tortfeasor's motor vehicles' component parts while said vehicle was upon the highway;

(h)     Being otherwise careless, reckless and negligent under the circumstances as may appear in the course of discovery to be conducted pursuant to the Rules of Civil Procedure or at the time of trial.

13.     As a direct, proximate, and foreseeable result of the carelessness and/or negligence of the unidentified tortfeasor, Plaintiff, **HORESHA REYNOLDS**, has sustained serious and/or permanent injuries to her person, and/or serious impairment of body function of including, but not limited to injuries to her body and limbs, as well as other ills and injuries.

14.     As a result of the accident aforementioned, plaintiff sustained injuries including but not limited to injuries to plaintiff's head, neck, body and limbs, as well as exacerbation and/or aggravation of then existing conditions, and further injury to her body systems and organs and multiple related injuries; together with severe shock to plaintiff's nerves and nervous systems; some or all of which are or may be permanent in nature.

Case ID: 201200227

15.    As a further result of the accident aforementioned, plaintiff has undergone great physical pain and mental anguish and plaintiff will continue to suffer same for an indefinite time in the future, to plaintiff's great detriment and loss.

16.    As a further result of the negligence of the unidentified tortfeasor, Plaintiff, **HORESHA REYNOLDS** has been and will be required to receive and undergo medical attention and care and/or to expend various sums of money and/or to incur various expenses which are recoverable damages herein under the PaMVFRL, and she will be required to expend such sums and/or incur such expenses for an indefinite time in the future, for which Plaintiff makes claim in this litigation.

17.    As a further result of the aforesaid accident, Plaintiff, has been in the past and will in the future be obliged to expend large sums of money, and, has been in the past and probably will in the future be unable to attend to her daily and usual occupation, to her great financial detriment and loss.

18.    As a further result of the negligence of the unidentified tortfeasor, Plaintiff, **HORESHA REYNOLDS**, has suffered physical pain, emotional suffering, mental anguish and inconvenience, and he has suffered an impairment of her ability to enjoy all of life's pleasures, all of which will continue for an indefinite period of time in the future, all to her great detriment and loss, for which Plaintiff makes claim in this litigation.

Case ID: 201200227

19.    As a result of the aforesaid, Plaintiff has in the past and will in the future suffer the loss of life's pleasures.

20.    As a result of the aforesaid, Plaintiff has in the past and will in the future suffer embarrassment and humiliation.

21.    Plaintiff's Civil Action is brought pursuant to and in accordance with all applicable motor vehicle codes and all applicable insurance laws, including but not limited to the **Pennsylvania Vehicle Code, at Title 75; and the Pennsylvania Motor Vehicle Financial Responsibility Law, (PaMVFRL)**, the Act of February 12, 1984, P.L. 26, No. 11, **75 Pa.C.S. §1701 et seq.**, as amended; as well as the **Rideshare statutory scheme enacted in two statutes pertaining to "Transportation Network Companies" and "Transportation Network Service[es]," codified at 53 Pa.C.S. § 57A07 and 66 Pa.C.S. § 2603.1 respectively.**

22.    Plaintiff is entitled to the protection afforded by the option known as the **"FULL TORT OPTION"** by virtue of her being, at all times material hereto, a **rideshare passenger in the Lyft vehicle** operated by HAMID AMMY, on the App, and by operation of law. Therefore, at the time of the subject collision Plaintiff was insured in accordance with the law, and under the automobile insurance policy applicable to the said LYFT vehicle, he was legally entitled to **"FULL TORT"** coverage, and therefore, she has and retains the unrestricted

Case ID: 201200227

right to recover against the defendants for both non-economic damages and economic damages.

23.    All premiums were paid as and when due and in the amounts due as requested from time to time by the defendant, **UNITED FINANCIAL CASUALTY COMPANY**.

24.    The insurance policy in effect as of the date of the aforesaid accident did NOT contain any mandatory Arbitration Clause; and thus this litigation at the option of the plaintiff is permitted and was elected after **UNITED FINANCIAL CASUALTY COMPANY** refused and failed to negotiate in good faith, and reach agreement on the sum of fair compensatory damages. In the alternative, any arbitration clause that defendant may assert binds the plaintiff as a rideshare passenger is contrary to law, and/or is a contract of adhesion, and/or is regularly waived and/or non-enforced as shall be evident through a judicial review of similar UM/UIM litigation filed in the Commonwealth of Pennsylvania against this defendant and other insurers in the PROGRESSIVE INSURANCE group of companies.

25.    The aforesaid policy in effect as of the date of the aforesaid accident did NOT have a Venue or forum selection clause that would preclude the plaintiff's selection of the First Judicial District in which to commence this civil action in accordance with applicable law, including the statutes of the Commonwealth of Pennsylvania and any and all applicable Pennsylvania Rules of Civil Procedure.

Case ID: 201200227

26.     This litigation is for **UNINSURED MOTORIST (UM) BENEFITS**, with the amount of money damages to be determined by the trier of fact, a Jury, in the Court of Common Pleas, of Philadelphia County, First Judicial District, as mandated by the Supreme Court of Pennsylvania decision in ***Insurance Federation of Pennsylvania, Inc. v. Insurance Commissioner, Diane Koken***, 585 Pa. 630, 889 A.2d 550 (Pa. 2005).

27.     Defendant insurance carrier is not entitled to any credit against the face amount of $250,000 CSL ("combined single limit") in UM coverage here applicable, and in accordance with applicable law.

28.     All conditions precedent to this litigation in Your Honorable Court upon the policy, the contract of insurance, have been fully met, satisfied, or waived.

29.     Defendant, **UNITED FINANCIAL CASUALTY COMPANY**, provided its written consent by an authorized claim representative to an amicable settlement reached with the tortfeasor and the liability carrier.

30.     Further, the Defendant, **UNITED FINANCIAL CASUALTY COMPANY**, provided its written waiver of any right of subrogation that it ever had against the tortfeasor by its authorized representative's letter.

31.     **UNITED FINANCIAL CASUALTY COMPANY** breached its duties to its Insured, the Plaintiff, under Pennsylvania law and this lawsuit was required to be filed for a determination and finally, payment, of the full measure of money

Case ID: 201200227

damages owed to Plaintiff under the UM coverage purchased for additional premiums.

32.　　This civil action against **UNITED FINANCIAL CASUALTY COMPANY** for **UNINSURED MOTORIST (UM) BENEFITS** has been commenced well within the applicable statute of limitations.

　　　**WHEREFORE,** **plaintiff, HORESHA REYNOLDS, demands judgment in her favor and against defendant-insurer, UNITED FINANCIAL CASUALTY COMPANY, for compensatory money damages for Uninsured Motorist (UM) benefits, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs and such other relief which the Court may deem just and appropriate.**

　　　　　　　　　*Respectfully submitted,*

　　　　　　　　　*I hereby certify pursuant to Pa.R.C.P. 205.4 that a hard copy hereof was properly signed and, where applicable, verified.　/s/ JLF*

　　　　　　　　　_____
　　　　　　　　　**JAY LAWRENCE FULMER, ESQUIRE**
　　　　　　　　　**ATTORNEY FOR PLAINTIFF**

**DATE: MAY____, 2021**

**COPY SERVED UPON DEFENSE COUNSEL VIA E-FILING**

Case ID: 201200227

📬 **Pursuant to Pa.R.C.P. --**

**I hereby certify that I have served a copy of the foregoing document upon all other parties or their attorneys by -**

☒ **regular mail and/or**

☒ **electronically/e-mail (PDF format)**

☐ **certified mail**

☐ **facsimile**

☐ **other**

Case ID: 201200227

## <u>VERIFICATION</u>
## <u>PURSUANT TO Pa.R.C.P. 1024</u>

**JAY LAWRENCE FULMER, ESQUIRE**, hereby states that he is the attorney for the party filing the foregoing document; that he makes this verification as an attorney because the party he represents lacks sufficient knowledge or information upon which to make a verification and/or because he has greater personal knowledge of the information or belief than that of the party for whom he makes this verification; and/or because the party for whom he makes this verification is outside the jurisdiction of the Court and verification cannot be obtained within the time allowed for the filing of the pleading; and that he has sufficient knowledge or information or belief, based upon his investigation as counsel of the matters averred or denied in the foregoing document; and that this Verification is made subject to the penalties of **18 Pa. C.S. §4904**, relating to unsworn falsification to authorities.

*Respectfully submitted,*

*I hereby certify pursuant to Pa.R.C.P. 205.4 that a hard copy hereof was properly signed and, where applicable, verified.   /s/ JLF*

_____
**JAY LAWRENCE FULMER, ESQUIRE**
**ATTORNEY FOR PLAINTIFF**

**DATE: <u>MAY____, 2021</u>**

Case ID: 201200227



## LAW OFFICES
1628 JFK BLVD., SUITE 1000
PHILADELPHIA, PA  19103-2125

STEVEN A. RUBIN, ESQUIRE, and JAY LAWRENCE FULMER, ESQUIRE

**Ph: 215-568-7200 / Fax: 215-751-9739 / jay.fulmer@gmail.com**

### AFFIDAVIT OF NO INSURANCE

D/B:

I, HORESHA REYNOLDS 10/27/1989 do hereby swear or affirm that I did not own a motor vehicle, nor did I reside with a relative who owned an automobile, and was not otherwise covered by any automobile liability insurance on the 10TH day of OCTOBER, 20 19.



HORESHA REYNOLDS

Sworn to and Subscribed

before me this 28th day

of Oct, 2019

**NOTARY PUBLIC**

CLAIM NO. 19-2270029
SUBMITTED TO:
FPB. MEDICAL CARRIER, UM CARRIER
PROGRESSIVE UNDER MVFRL.
FOR ALL APPLICABLE COVERAGES
ON POLICY, AS AN INSURED

 JLF 10/28/19

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
EDWARD TEODORO, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 21, 2021

LAW OFFICES
JAY LAWRENCE FULMER
1628 JFK BLVD. SUITE 1000
PHILADELPHIA, PA 19103
215-568-7200

**PLAINTIFF'S
EXHIBIT
A**

Case ID: 201200227



PROGRESSIVE
PO BOX 94739
CLEVELAND, OH 44101

**Named insured**
Lyft, Inc.
185 Berry St., Suite 5000
San Francisco, CA 94107

**Policy Number:** **06254914-0**
Underwritten by:
United Financial Casualty Company
Date of Mailing: September 17, 2019
Policy Period: Oct 01, 2019 - Oct 01, 2020
Page 1 of 2

# Commercial Auto
# Insurance Coverage Summary

# This is your Declarations Page

Your coverage began on October 01, 2019 at 12:01 a.m. Pacific Time. This policy period ends on October 01, 2020 at 12:01 a.m. Pacific Time.

Premium payment information:

Initial premium due and payable at inception of policy period: $█████████

Estimated total premium: $█████████

The estimated total premium is subject to change based on the monthly reports you provide to us. A separate invoice will issue to you each month with the amount of premium due and payable.

Your insurance policy and any policy endorsements contain a full explanation of your coverage.  The policy contract is form Z948 PA (07/19). The contract is modified by 8610TNC BK (07/19), 8610TNC DR (07/19), 8610TNC GE (07/19), Z903TNC (05/17), Z904 (05/17), Z904PN (01/18), Z907TNC OT (07/19), Z907TNCPN OT (07/19), Z934TNCPN (07/19),  Z935TNC (07/19), and Z946 P23 PA (07/19).

The named insured organization type is a Corporation.

## Outline of coverage

| Description | Limits | Deductible |
|---|---|---|
| **Liability To Others** | | |
| Bodily Injury and Property Damage Liability | $1,000,000 combined single limit | |
| **Damage To An Auto** | | |
| Comprehensive | Actual Cash Value | $2,500 |
| Collision | Actual Cash Value | $2,500 |
| **First Party Medical Expense Benefit** | | |
| TNC Drivers | Up to $5,000 | |
| Persons other than TNC Driver | Up to $25,000 | |
| **Uninsured Motorist - Nonstacked** | $35,000 each accident | |
| Underinsured Motorist - Nonstacked | $35,000 each accident | |
| Extraordinary Medical Benefits | Rejected | |
| Incomes Loss Benefit Without Workers Comp | Rejected | |
| Funeral Expense Benefits | Rejected | |
| Accidental Death Benefits | Rejected | |

Form 6489TNC OT P23 PA (07/19)

PLAINTIFF'S EXHIBIT
B
tablers

Case ID: 201200227

Policy number: 06254914-0
Lyft, Inc.
Page 2 of 2

## Additional Insured information

| | | |
|---|---|---|
| 1. | Additional Insured | Lyft, Inc. and its subsidiaries<br>185 Berry St., Suite 5000<br>San Francisco, CA  94107 |
| 2. | Additional Insured – Primary and Non-Contributory | Allegheny County Airport Authority<br>Attn: Ms. Christina Cassotis, CEO<br>Pittsburgh International Airport<br>1000 Airport Blvd<br>Landside Terminal, 4th Floor Mezzanine<br>Pittsburgh, PA  15231 |
| 3. | Additional Insured | Philadelphia International Airport<br>Division of Aviation<br>Terminal D/E, Executive Offices, Third Floor<br>Philadelphia, PA  19153 |
| 4. | Additional Insured | Lehigh-Northampton Airport Authority<br>3311 Airport Road<br>Allentown, PA 18109 |
| 5. | Additional Insured | Susquehanna Area Regional Airport Authority<br>Harrisburg International Airport<br>One Terminal Dr, Suite 300<br>Middletown, PA  17057 |
| 6. | Additional Insured | Wilkes Barre Scranton International Airport<br>100 Terminal Rd<br>Avoca, PA  18641 |

## Penalty for Insurance Fraud

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

## Company officers

*Patricia M. Corona*

Secretary

Case ID: 201200227

REYNOLDS0046

Form Z946 P23 PA (07/19)

### Rideshare Period Three Supplemental Uninsured/Underinsured Motorist Coverage Endorsement

**Your** policy is amended as follows:

The coverage limit on **your** policy for Part III - Uninsured/Underinsured Motorist coverage is increased to $250,000 per accident only for each discrete period of time:

1. commencing when passenger(s) are picked up;

2. continuing through the time passenger(s) are on board while traveling to the final destination; and

3. ending when the passenger(s) exit the **auto.**

The limit of liability shown on the **declarations page** for Part III - Uninsured/Underinsured Motorist coverage remains applicable at all other times this coverage is in effect.

**ALL OTHER TERMS, LIMITS, CONDITIONS AND PROVISIONS OF THIS POLICY REMAIN UNCHANGED.**

